1  AARON L. REA, Cal Bar No. 272885
   SHOUT! FACTORY, LLC
2  2034 Armacost Ave, First Floor
   Los Angeles, California 90025
3  Telephone: 310-979-5607
   Facsimile: 310-979-5899
4  Email: area@shoutfactory.com

5  Attorney for Defendant, SHOUT! FACTORY, LLC

6

7
                    UNITED STATES DISTRICT COURT
8        CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

9                                           Case No. CV 11-10723-GHK (Ex)

10                                          **DEFENDANT'S NOTICE OF MOTION
    CARLOS DURAN, a individual             AND MEMORANDUM OF POINTS AND
11                         Plaintiff,      AUTHORITIES TO DISMISS PURSUANT
                  vs.                      TO FED. R. CIV. P 12(b)(6)**
12
    SHOUT! FACTORY, LLC, a Delaware
13  Limited Liability Company             **NO ORAL ARGUMENT UNLESS
                         Defendant.        REQUESTED BY THE COURT**
14
                                           Date: March 12, 2012
15                                         Time: 9:30 am
                                           Courtroom: 650
16                                         Honorable George H. King
17
18
19
20
21
22
23
24
25
26
27
28
                                    -1-

1

2                                   **NOTICE OF MOTION**

3          TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

4          Please take notice that Shout! Factory, LLC ("Shout") through its counsel, will move and

5   hereby moves the above-entitled Court, located in Courtroom 650 at 312 N. Spring Street, Los

6   Angeles, California 90012, on the date and time specified above, or as soon thereafter as this

7   motion may be heard, to dismiss pursuant to Fed. R. Civ. P 12(b)(6).

8          The grounds for this motion are: 1) Plaintiff is improperly seeking to protect an

9   unregistered copyright in violation of 17 USC § 411(a); 2) Plaintiff has no damages and thus no

10  standing bring this action; and 3) Plaintiff has failed to plead the copyright in question was

11  created in compliance with Los Angeles Municipal Code Chapter 1, Article 4.4 § 14.4.4(B)(10).

12  This Motion is supported by this Notice of Motion and Motion, the accompanying Memorandum

13  of Points and Authorities, the declaration of Aaron L. Rea, and Defendant Shout's request for

14  judicial notice.

15

16                                      Respectfully submitted,

17                                      SHOUT! FACTORY, LLC

18

19

20  Dated: March ___7___, 2012          By: _____

21                                      AARON L. REA, Attorney for Defendant, Shout!
                                        Factory, LLC

22

23

24

25

26

27

28
                                        -2-

1

## MEMORANDUM OF POINT AND AUTHORITIES

2

3

## TABLE OF CONTENTS

4

5   INTRODUCTION: ............................................................................................................ 4

6   RELEVANT FACTUAL BACKGROUND: ..................................................................... 5

7   ARGUMENT: .................................................................................................................. 6

8   I: THE CLAIMS AGAINST DEFENDANT SHOUT SHOULD BE DISMISSED DUE TO

9   PLAINTIFF'S FAILURE TO REGISTER COPYRIGHT WITH THE UNITED STATES

10   COPYRIGHT OFFICE AS REQUIRED BY LAW. ...................................................... 6

11   II: PLAINTIFF DURAN HAS NO STANDING TO SUE. ............................................ 7

12   III: PLAINTIFF DURAN HAS NOT TO ALLEGED THE MURAL WAS LEGALLY

13   CREATED UNDER LOS ANGELES MUNICIPAL CODE CHAPTER 1, ARTICLE 4.4 §

14   14.4.4(B)(10). ................................................................................................................. 8

15   CONCLUSION ................................................................................................................ 9

16

17

18

19

20

21

22

23

24

25

26

27

28

MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)

1

**INTRODUCTION:**

2       Defendant Shout! Factory, LLC ("Shout") brings this motion challenging Plaintiff Carlos

3   Duran's ("Duran") copyright infringement action pursuant to Fed. R. Civ. P. 12(b)(6).   The

4   Copyright Act of 1976 provides that in order to bring an action for copyright infringement the

5   plaintiff must first register the copyright with the United States Copyright Office.   In his

6   complaint Plaintiff Duran has made no allegation that the copyright he allegedly authored is a

7   registered work.   Additionally, Defendant Shout's own investigation regarding registration has

8   revealed no registered copyright under the names "Carlos Duran" or "Duran, Carlos" which

9   correspond with the work in underlying Plaintiff Duran's complaint.   Accordingly, Plaintiff

10   Duran's cause of action should be dismissed because he is attempting to litigate an unregistered

11   copyright in violation of the 17 USC § 411(a).

12       Moreover, Plaintiff Duran has no standing to sue.   In order to obtain Article III standing

13   the plaintiff must show that he or she was injured in a manner redressable by the Court.   Plaintiff

14   Duran is expressly prohibited under the Copyright Act of 1976 from receiving the remedies he

15   seeks in his complaint.   Therefore, because Plaintiff Duran has no legally recognizable remedy he

16   has no Article III standing to sue.

17       Furthermore, Plaintiff Duran has failed to allege his work was legally authored.   Los

18   Angeles Municipal Code Chapter 1, Article 4.4, § 14.4.4(B)(10) provides mural signs are

19   prohibited.   In his complaint Plaintiff alleges the mural underlying this litigation was created

20   during the summer of 2005.   However, mural signs were in 2005 and are now prohibited in Los

21   Angeles except when specifically permitted pursuant to a limited number of exceptions.   Plaintiff

22   Duran has not alleged his mural falls into one of these narrow exceptions.   Accordingly, the

23   principles of equity prohibit Plaintiff Duran from now coming before this Court and asking that

24   the Court endow copyright protection upon a work created in violation of the Los Angeles

25   Municipal Code.

26       Because Plaintiff is attempting to bring a copyright infringement action without first

27   registering the work he is trying to protect, because he no Article III standing, and because the

28   work was illegally created in violation of the Los Angeles Municipal Code, Defendant Shout

-4-

1   requests this Court grant its motion pursuant to Fed. R. Civ. P. 12(b)(6) and dismiss Plaintiff

2   Duran's copyright infringement action.

3

4

**RELEVANT FACTUAL BACKGROUND:**

5

6   Defendant Shout! Factory, LLC ("Shout") is a Delaware limited liability company

7   engaged in the business of selling entertainment products such as compact discs and digital video

8   discs to retailers who resell to consumers.  Although Defendant Shout owns the copyright in some

9   content, the vast majority of its product inventory is acquired by license from third parties who

10  control the underlying copyrights.

11  As part of this business Defendant Shout acquired the exclusive license for the audio

12  album titled "Tin Can Trust" by the recording artist Los Lobos.  Defendant Shout commercially

13  released the "Tin Can Trust" album on August 3, 2010, containing an insert booklet displaying

14  several pictures of Los Lobos at various locations throughout Los Angeles.  Two such pictures

15  featured, as a backdrop, the exterior of a building located at 2515 E. Cesar Chavez Avenue in Los

16  Angeles.  (The pictures in question are attached hereto as "Exhibit A").  The exterior of the

17  backdrop building is painted as an open air mural with two large stylized snakes opposing each

18  other on the walls and a guitar over the door.

19  On September 7, 2011, Plaintiff Duran, through counsel, sent a letter to Robert Emmer,

20  chief operations officer at Defendant Shout, claiming Plaintiff Duran created the 2515 E. Cesar

21  Chavez Avenue mural and therefore the "Tin Can Trust" album insert booklet infringed on his

22  copyright.  The letter demanded payment of ten thousand dollars ($10,000) as a settlement fee,

23  and threatened litigation if the payment was not forthcoming.  (Plaintiff Duran's letter is attached

24  hereto as Exhibit B").  Defendant Shout responded to counsel on September 13, 2011, requesting

25  a picture of the mural allegedly created by Plaintiff Duran, and any evidence Plaintiff Duran may

26  have had substantiating his assertion that he was in fact the author of the work.  On October 11,

27  2011, Defendant Shout received an e-mail from Plaintiff Duran's counsel to which a picture of

28  the 2515 E. Cesar Chavez Avenue mural was attached, but no evidence of registration of

1  copyright or other material suggesting the mural was created by Plaintiff Duran.  Defendant Shout

2  responded via e-mail on October 31, 2011, stating in its belief no payment was due to Plaintiff

3  Duran for his alleged creation of the mural.

4       Almost two months thereafter on December 28, 2011, Plaintiff Duran filed a complaint

5  alleging as his sole cause of action that Defendant Shout's use of the two images infringed upon

6  his copyright in the mural painted on the exterior of the 2515 E. Cesar Chavez Avenue building.

7  However, in his complaint Plaintiff Duran failed to allege the work was registered with the

8  United States Copyright Office as required by 17 U.S.C. § 411(a).  Subsequent investigation into

9  registration by Defendant Shout also failed to provide evidence of registration. (Plaintiff Duran's

10  complaint is attached hereto as "Exhibit C").  Additionally, Plaintiff Duran's complaint alleges

11  the work for which he is now seeking copyright protection was created in 2005.  However, open

12  air murals are prohibited by the Los Angeles Municipal code and Plaintiff Duran has failed to

13  even allege that he obtained a permit as required by the Los Angeles Municipal Code, and has

14  made no other showing that his mural was legally created.  Defendant Shout now requests that

15  this Court grant its motion pursuant to Rule 12(b)(6) and dismiss Plaintiff Duran's complaint for

16  infringement of copyright.

**ARGUMENT:**

**I: THE CLAIMS AGAINST DEFENDANT SHOUT SHOULD BE DISMISSED DUE TO PLAINTIFF'S FAILURE TO REGISTER COPYRIGHT WITH THE UNITED STATES COPYRIGHT OFFICE AS REQUIRED BY LAW.**

"[N]o action for infringement of the copyright in any work shall be instituted until registration of the copyright claim has been made...."  17 U.S.C. § 411(a).  Copyright registration is not a prerequisite to a valid copyright, but it is a prerequisite to a suit based on a copyright. *S.O.S., Inc. v. Payday, Inc.*, 886 F.2d 1081, 1085 (9th Cir. 1989).

Despite having filed a complaint for copyright infringement, Plaintiff Duran's complaint makes no allegation his work is registered with the United States Copyright Office.  Furthermore,

-6-

1   Defendant Shout's own investigations into copyright registrations under the names "Carlos

2   Duran" and "Duran, Carlos" have revealed no evidence that Plaintiff Duran's alleged copyright

3   has been registered.  (*See*: Declaration of Aaron L. Rea in support of Defendant's Motion to

4   Dismiss pursuant to Fed. R. Civ. P. 12(b)(6)).  Because no claim of copyright infringement can be

5   brought for an unregistered work, and Plaintiff Duran's work is unregistered, Plaintiff Duran's

6   copyright infringement complaint should be dismissed with prejudice pursuant to Rule 12(b)(6).

7

8   **II: PLAINTIFF DURAN HAS NO STANDING TO SUE.**

9          To establish Article III standing, a plaintiff must show that "it has suffered an 'injury in

10  fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or

11  hypothetical," that "the injury is fairly traceable to the challenged action of the defendant," and

12  that "it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable

13  decision." *Long Beach Area Chamber of Commerce v. City of Long Beach*, 603 F.3d 684, 689

14  (9th Cir. 2010) (quoting *Sacks v. Office of Foreign Assets Control*, 466 F.3d 764, 771 (9th Cir.

15  2006)).  Additionally, "no award of statutory damages or of attorney's fees, as provided by

16  sections 504 and 505, shall be made for: 1) any infringement of copyright in an unpublished work

17  commenced before the effective date of its registration; or 2) any infringement of copyright

18  commenced after first publication of the work and before the effective date of its registration,

19  unless such registration is made within three months after the first publication of the work.   17

20  U.S.C. § 412(1) – (2).

21         In his Prayer for Relief Plaintiff Duran prays for judgment against Defendant Shout for: 1)

22  actual damages pursuant to 17 U.S.C. § 504(b); 2) statutory damages pursuant to 17 U.S.C. §

23  504(c)(1); 3) increased statutory damages pursuant to 17 U.S.C. § 504(c)(2); 5) attorney's fees

24  pursuant to 17 U.S.C. § 505; and 6) such other relief as the court deems just and proper.  (*See*:

25  Complaint, Prayer For Relief ¶¶ a – e).  However, Plaintiff is expressly precluded from relief

26  under 17 U.S.C. §§ 504 – 505 pursuant to 17 U.S.C. § 412.  As set forth above, Plaintiff Duran

27  has failed to register the copyright he now seeks to litigate and therefore is precluded from the

28  very damages he seeks to recover.  Furthermore, since Plaintiff Duran's was created in 2005 the

-7-

1  three month window in which he could have brought an infringement action prior to registration

2  has long since past.

3        Because Plaintiff Duran's copyright infringement action concerns an unregistered work he

4  has no damages to recover, and therefore has no Article III standing to sue because he has no

5  legally recognizable injury.   Consequently, Defendant Shout requests that this Court dismiss

6  Plaintiff Duran's copyright infringement action with prejudice pursuant to Rule 12(b)(6).

7

8  **III: PLAINTIFF DURAN HAS NOT TO ALLEGED THE MURAL WAS LEGALLY**

9  **CREATED UNDER LOS ANGELES MUNICIPAL CODE CHAPTER 1, ARTICLE 4.4 §**

10 **14.4.4(B)(10).**

11       In the City of Los Angeles mural signs are prohibited except when specifically permitted

12 pursuant to a legally adopted specific plan, supplemental use district or an approved development

13 agreement.  (LAMC Chapter 1, Article 4.4 § 14.4.4(B)(10)).  A mural sign is defined as "a sign

14 that is painted on or applied to and made integral with a wall, the written message of which does

15 not exceed three percent of the total area of the sign."  (LAMC, Chapter 1, Article 4.4 § 14.4.2).

16       Plaintiff Duran's mural on the building located at 2515 E. Cesar Chavez Avenue in Los

17 Angeles falls squarely with the definition of a mural sign.  The mural is painted on the wall of the

18 exterior of a building, and contains no written message.  Accordingly, Plaintiff Duran's mural

19 sign is prohibited under the Los Angeles Municipal Code unless the mural was specifically

20 permitted.  However, Plaintiff Duran has made no allegation in his complaint that the mural was

21 permitted.  Under the principle of equity Plaintiff Dural cannot now come before this Court and

22 pray for copyright infringement damages based on an illegal mural.  Consequently, Defendant

23 Shout requests this court dismiss Plaintiff Duran's copyright infringement cause of action with

24 prejudice pursuant to Rule 12(b)(6).

25 ////

26 ////

27 ////

28 ////

1

## CONCLUSION

2      For the reasons stated above, Defendant Shout requests that this Court grant is Motion to

3  Dismiss with prejudice pursuant to Rule 12(b)(6)

4

5

6

7  Dated: March ___7___, 2012                    By: _____

8                                                AARON L. REA, Attorney for Defendant, Shout!

9                                                Factory, LLC

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MOTION TO DISMISS PURSUANT TO FED. R. CIV. P.  12(b)(6)